# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>JEFF CARPOFF,<br><br>　　　　Defendant - Appellant. | No. 21-10356<br><br>D.C. No. 2:20-cr-00017-JAM-1<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

　　The judgment of this Court, entered May 16, 2023, takes effect this date.

　　This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

　　　　　　　　　　　　　　　　　　FOR THE COURT:

　　　　　　　　　　　　　　　　　　MOLLY C. DWYER
　　　　　　　　　　　　　　　　　　CLERK OF COURT

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10356 |
| Plaintiff-Appellee, | D.C. Nos. 2:20-cr-00017-JAM-1 |
| v. | 2:20-cr-00017-JAM |
| JEFF CARPOFF, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 12, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT,*** District Judge.

Jeff Carpoff appeals the sentence imposed following his guilty plea to one count of conspiracy to commit wire fraud under 18 U.S.C. § 1349 and one count of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

money laundering under 18 U.S.C. § 1957(a).  We affirm.

Carpoff's appellate waiver precludes us from reviewing his argument that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A).  Carpoff agreed "to give up the right to appeal . . . the sentence imposed" in his case and indicated that he understood that, unless the district court imposed a sentence that exceeded the statutory maximum or the government appealed the sentence, his appellate waiver "constitute[d] a complete waiver of all appellate rights."  "[T]he language of the waiver encompasses his right to appeal on the grounds raised" because the waiver recognized only two narrow exceptions, neither of which Carpoff argues applies to his Rule 32 argument.  *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009); *see also United States v. Medina-Carrasco*, 815 F.3d 457, 459 (9th Cir. 2016) (holding that a defendant's challenge to a district judge's procedural error in sentencing was barred by his waiver of his rights to challenge "any aspect of [his] sentence—including the manner in which the sentence is determined and any sentencing guideline determinations").[1]

Carpoff relies upon *United States v. Petty*, 80 F.3d 1384 (9th Cir. 1996), but

---

[1] A waiver must also be "knowingly and voluntarily made" to be enforceable.  *Charles*, 581 F.3d at 931 (quotation marks omitted).  Here, the parties do not dispute that Carpoff knowingly and voluntarily entered into the plea agreement containing the appellate waiver: During the plea colloquy, Carpoff stated that he understood the plea agreement, and his attorney stated that he was satisfied that Carpoff made a knowing and voluntary waiver.  Rather, the parties' dispute here centers on the scope of the appellate waiver.

2

that case is distinguishable. In *Petty*, the scope of the appellate waiver was ambiguous; here, by contrast, the scope is expressly broad. *Id.* at 1386-87. The parties' statements and conduct in *Petty* also weighed against a broad interpretation of the ambiguous appellate waiver, whereas here, there is no such tension between the parties' actions and an understanding that they had agreed to a broad appellate waiver. *Id.* at 1387.

    Moreover, even if the terms of Carpoff's appellate waiver "were susceptible to more than one interpretation, the plea colloquy here eliminated any ambiguity." *Medina-Carrasco*, 815 F.3d at 462. Together, the appellate waiver and plea colloquy "were sufficient to ensure" that Carpoff "understood he was giving up the right to challenge" any aspect of his sentence not explicitly excepted in the waiver, including the procedures the district judge followed in issuing the sentence. *Id.*

    **AFFIRMED.**

3